[No. B152073. Second Dist., Div. Eight. Jan. 30, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JERMAINE N. BEASLEY, Defendant and Appellant.

[No. B160513. Second Dist., Div. Eight. Jan. 30, 2003.]

In re JERMAINE N. BEASLEY on Habeas Corpus.

## Counsel

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

Jermaine N. Beasley, in pro. per., for Petitioner on Habeas Corpus.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Steven D. Matthews and Stephen A. McEwen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BOLAND, J.—**

### INTRODUCTION

Appellant and petitioner Jermaine N. Beasley challenges his convictions for assault and corporal injury to a cohabitant on the grounds that insufficient evidence supported several counts and the statute of limitations barred conviction on several misdemeanor counts. We conclude the evidence was insufficient to support two of the corporal injury to a cohabitant counts because there was no evidence those incidents caused a "traumatic condition." The evidence was also insufficient to support two assault with a deadly weapon counts because the implements involved were not used in a manner capable of producing or likely to produce death or great bodily injury. We further reverse Beasley's conviction on five misdemeanor assault counts because they are time-barred. In all other respects, we affirm the judgment.

In his habeas corpus petition, Beasley contends his trial attorney rendered ineffective assistance of counsel and CALJIC No. 2.90 violates due process by misstating the burden of proof. We deny the petition because he failed to plead facts sufficient to establish a prima facie claim of ineffective assistance of counsel and because CALJIC No. 2.90 correctly states the reasonable doubt standard.

### BACKGROUND AND PROCEDURAL HISTORY

Beasley was charged with striking his cohabitant, Gwilzen Garrido, with his fist and various objects on 11 occasions from March 1998 through November 2000. At trial, Garrido testified regarding each of the incidents.

The jury convicted Beasley of 11 counts of corporal injury to a cohabitant (Pen. Code, § 273.5), 3 counts of assault with a deadly weapon, and 6 counts of misdemeanor assault, as a lesser included offense of assault with a deadly weapon. Beasley admitted a prior conviction and the court found true a Penal Code section 667.5, subdivision (b) prior prison term enhancement allegation. The trial court sentenced him to prison for 15 years on the corporal injury to a cohabitant counts, and stayed the terms on all felony and misdemeanor assault counts.

Discussion

1. *The evidence is insufficient to support counts eight and ten.*

 Penal Code section 273.5, subdivision (a) prohibits inflicting "corporal injury resulting in a traumatic condition" upon a cohabitant. Subdivision (c) of section 273.5 defines "traumatic condition" as "a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by a physical force."

Beasley contends the evidence was insufficient to support Penal Code section 273.5 convictions on counts 6, 8, and 10 because there was no evidence Garrido suffered a traumatic condition as a result of the incidents upon which these counts were based. To resolve this issue, we review the whole record in the light most favorable to the judgment to decide whether substantial evidence supports the conviction, so that a reasonable jury could find guilt beyond a reasonable doubt. (*People v. Ceja* (1993) 4 Cal.4th 1134, 1138 [17 Cal.Rptr.2d 375, 847 P.2d 55].)

 Counts 6, 8, and 10 were based upon incidents in which Beasley struck Garrido with the rod used to open and close the vertical blinds in their apartment. The information alleged, and the verdict form specified, that count 6 occurred during July 1999, count 8 during August 1999, and count 10 during December 1999.

With respect to counts 6 and 8, Garrido testified Beasley struck her arms, legs, and back with the rod. The first time was sometime during the summer, and the second time was shortly thereafter, also during the summer. The prosecutor asked Garrido if she was "ever injured during the summer of 1999" by Beasley striking her with the blind rod. She replied that she sustained large bruises on her arms, legs, and back. The prosecutor then asked how many times during the summer of 1999 she had bruises from being beaten with the blind rod. Garrido responded, "I had some bruises that was still healing, and I wouldn't know." The prosecutor elicited no additional testimony regarding injuries from the blind rod during the summer of 1999. Garrido testified she did not call the police, receive medical treatment, or tell anyone about the blind rod incidents or any resulting injuries.

The state of the evidence would permit reasonable jurors to find Garrido suffered bruising from the first incident in which he struck her with the blind rod. Beasley admits bruising constitutes a traumatic condition for purposes of Penal Code section 273.5. Because he does not challenge the July 1999 date ascribed by the information to this incident, the evidence was sufficient

to support count 6. However, Garrido did not know whether the second rod-beating during the summer of 1999 caused her any additional bruises, and there were no other witnesses to the results of that incident. Accordingly, the evidence was insufficient to permit reasonable jurors to find any traumatic condition resulted from the August 1999 rod beating forming the basis of count 8.

With respect to count 10, Garrido testified Beasley "did the same thing again." She told him it hurt and asked him to stop. Garrido did not describe, and the prosecutor did not ask about, any wound or injury resulting from this incident. Garrido did not call the police, and, as far as the record reveals, there were no witnesses to any wounds or injuries she sustained at that time. The pain Garrido described to Beasley during the incident is insufficient to constitute a traumatic condition within the meaning of Penal Code section 273.5. (*People v. Abrego* (1993) 21 Cal.App.4th 133, 138 [25 Cal.Rptr.2d 736].) Because there was no evidence from which a reasonable jury could find a traumatic condition resulted from the December rod-beating incident, the evidence is insufficient to support the verdict on count 10.

### 2. *The evidence is insufficient to support counts 19 and 21.*

Beasley challenges the sufficiency of the evidence to support his conviction of assault with a deadly weapon in counts 19 and 21. Count 19 pertained to a November 27, 2000 incident in which Beasley struck Garrido with a broomstick and with his fist. Count 21 stemmed from another incident in the same month, in which Beasley struck Garrido with a vacuum cleaner attachment. Beasley contends neither the broomstick nor the vacuum cleaner attachment was used in a manner capable of producing, and likely to produce, death or great bodily injury.

Penal Code section 245, subdivision (a)(1) penalizes the commission of an assault "with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury." A deadly weapon may be any object, instrument, or weapon used so as to be capable of producing, and likely to produce, death or great bodily injury. (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028-1029 [68 Cal.Rptr.2d 655, 945 P.2d 1204].) In determining whether an object not inherently deadly or dangerous was used in the requisite manner, the trier of fact may look to the nature of the weapon, the manner of its use, and any other relevant fact. (*Id.* at p. 1029.) Although neither physical contact nor injury is required for a conviction, if injuries result, the extent of such injuries and their location are relevant facts for consideration. (*People v. Russell* (1943) 59 Cal.App.2d 660, 665 [139 P.2d 661].)

Great bodily injury is significant or substantial injury. (*People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1066 [10 Cal.Rptr.2d 839].) Permanent or protracted impairment, disfigurement, or loss of function, however, is not required. (*People v. Escobar* (1992) 3 Cal.4th 740, 750 [12 Cal.Rptr.2d 586, 837 P.2d 1100] [construing the same phrase in the context of Pen. Code, § 12022.7's sentence enhancement for infliction of great bodily injury].)

 With respect to count 19, Garrido testified Beasley "beat me like he never beat me before." When asked what he had beaten her with, she replied, "with a broomstick. And he hit me in the head and in the back." She further described Beasley's actions as follows: "I was on the ground, and he kicked me, and he was socking me in my head and my back." She later testified that bruises on her arms and shoulders depicted in a photograph were caused by the broomstick.

 Hands and feet do not constitute deadly weapons, although their use may support a conviction of violating Penal Code section 245, subdivision (a)(1) under the theory of an assault by means of force likely to produce create bodily injury. (*People v. Aguilar, supra,* 16 Cal.4th at pp. 1028, 1034.) However, the jury was instructed only on assault with a deadly weapon, not by means of force likely to produce great bodily injury. Accordingly, evidence of Beasley's conduct in "socking" Garrido's head and back and kicking her does not support the conviction on count 19.[1]

Beasley's conviction therefore rests upon Beasley striking her arms and shoulders with the broomstick. It is certainly conceivable that a sufficiently strong and/or heavy broomstick might be wielded in a manner capable of producing, and likely to produce, great bodily injury, e.g., forcefully striking a small child or a frail adult or any person's face or head. (See, e.g., *People v. Jaramillo* (1979) 98 Cal.App.3d 830, 835-836 [159 Cal.Rptr. 771] [multiple hard blows to six year old with wooden dowel one inch in diameter, causing swelling and severe discoloration visible the next day established great bodily injury for purposes of Pen. Code, § 12022.7 enhancement].) Garrido's testimony, however, was far too cursory to establish that the broomstick, as used by Beasley, was capable of causing, and likely to cause, great bodily injury or death. Beasley did not strike her head or face with the stick, but instead used it only on her arms and shoulders. She did not describe the degree of force Beasley used in hitting her with the stick, and neither the stick itself nor photographs of it were introduced in evidence. The record does not indicate whether the broomstick was solid wood or a hollow tube made of metal, fiberglass, or plastic. Its composition, weight,

---

[1]Because the jury was not instructed that hands and feet do not constitute deadly weapons, it may have based its verdict in part upon the blows Beasley inflicted with his fists and feet.

and rigidity would necessarily affect the probability and likelihood that it could cause great bodily injury. The jury therefore had before it no facts from which it could assess the severity of the impact between the stick and Garrido's body. The evidence showed only that Beasley hit her arms and shoulders, caused bruising in those areas. Although extensive, severe bruising, in conjunction with other injuries has been held to constitute great bodily injury (see, e.g., *People v. Escobar, supra,* 3 Cal.4th at pp. 744, 750 [extensive bruises and raw, bleeding abrasions over victim's legs, knees, hips and elbows, plus injury to neck preventing movement]; *People v. Muniz* (1989) 213 Cal.App.3d 1508, 1520 [262 Cal.Rptr. 743] [bruises and severe swelling of eye area lasting four months]; *People v. Sanchez* (1982) 131 Cal.App.3d 718, 733-734 [182 Cal.Rptr. 671] [multiple "serious" abrasions, lacerations, bruises, and swelling]), bruises on Garrido's shoulders and arms are insufficient to show that Beasley used the broomstick as a deadly weapon.

██ With respect to count 21, Garrido testified Beasley struck her with a vacuum cleaner "extension," once on her shoulder and once on her back. She described the object as made of plastic and used to clean the ceiling or in corners. The blows hurt and caused bruises visible one week later. A photograph of each bruise was admitted in evidence, but neither the vacuum attachment nor a photograph of it was introduced.

As with the broomstick in count 19, this evidence was insufficient to establish that the plastic vacuum attachment, as used by Beasley, was capable of producing, and likely to produce, death or great bodily injury. Although Garrido's description of the attachment was too vague to determine its precise shape or size, it must have been hollow to function as part of a vacuum cleaner. Striking an adult's shoulder and back with a hollow plastic instrument is not likely to produce significant or substantial injury. The bruises on Garrido's shoulder and back are insufficient to show that Beasley used the attachment as a deadly weapon.

Rather than reversing Beasley's convictions on counts 19 and 21, we modify the judgment to reflect conviction of the necessarily included offense of misdemeanor assault in violation of Penal Code section 240. (*People v. Jones* (1981) 119 Cal.App.3d 749, 754 [174 Cal.Rptr. 218].)

3. *The misdemeanor convictions in counts 3, 5, 7, 9, and 11 are barred by the statute of limitations.*

██ Beasley was charged in counts 3, 5, 7, 9, and 11 with assault with a deadly weapon, but on those counts the jury convicted him of the lesser

included offense of misdemeanor assault. Beasley contends that because the conduct forming the basis of those counts occurred more than one year before the information was filed on February 1, 2001, the one-year statute of limitations for misdemeanors bars the convictions.[2] Respondent contends Beasley waived the statute of limitations by failing to raise the issue in the trial court and by acquiescing in the lesser included offense instruction that permitted the jury to convict him of the time-barred misdemeanors.

Historically, the statute of limitations was viewed as a matter of subject matter jurisdiction, and a defendant's conviction of a time-barred offense was void, even if he failed to assert the statute of limitations as a defense in the trial court. (*People v. Williams* (1999) 21 Cal.4th 335, 337 [87 Cal.Rptr.2d 412, 981 P.2d 42]; *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 371-372 [58 Cal.Rptr.2d 458, 926 P.2d 438].) Recently, however, the Supreme Court "adjusted the rationale of these cases, although not their holdings" by abandoning the theory that a court lacks fundamental subject matter jurisdiction over a time-barred criminal charge. (*Williams, supra*, 21 Cal.4th at pp. 337-338.) Nonetheless, the court expressly refused to overrule the long-established rule that the defendant does not forfeit the statute of limitations defense by failing to assert it at a particular stage of the proceedings. (*Id.* at p. 338.) Instead, the court reaffirmed the nonforfeiture rule and stated, "[A] defendant may not inadvertently forfeit the statute of limitations and be convicted of a time-barred charged offense." (*Id.* at pp. 338, 340-342.)

*People v. Stanfill* (1999) 76 Cal.App.4th 1137 [90 Cal.Rptr.2d 885], upon which respondent relies, addressed the forfeiture issue in the context of conviction of a time-barred lesser included misdemeanor, where the charged felony was not time-barred. Stanfill requested jury instructions on both the lesser included offense and the statute of limitations "generally." (*Id.* at p. 1142, fn. 1.) On appeal, he claimed the trial court misinstructed the jury by referring to acts within the three-year felony limitations period, but not informing the jury of the one-year limitations period for the lesser included misdemeanor. (*Id.* at pp. 1142-1144.) After finding instructional error, the court of appeal announced, but did not apply, the rule: "[A] defendant forfeits the right to complain on appeal of conviction of a time-barred lesser included offense where the charged offense was not time-barred and the defendant either requested or acquiesced in the giving of instructions on the lesser offense." (*Id.* at p. 1150.)

In contrast, nothing in the record indicates Beasley requested or acquiesced in the instruction on assault as a lesser included offense of assault with

---

[2]The statute of limitations for the charged offense, a violation of Penal Code section 245, subdivision (a)(1), is three years. (Pen. Code, § 801.)

a deadly weapon, and no statute of limitations instructions were given. Accordingly, *People v. Stanfill, supra,* 76 Cal.App.4th 1137, is inapplicable. To hold that Beasley forfeited his statute of limitations defense with respect to the misdemeanor assault counts in issue would contravene the long-standing principle, which *People v. Williams, supra,* 21 Cal.4th 335, expressly declined to overrule, that a defendant may not inadvertently forfeit the statute of limitations.

Moreover, even if Beasley failed to preserve the statute of limitations issue for review, this court may exercise its discretion to review it. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [69 Cal.Rptr.2d 917, 948 P.2d 429].)

Accordingly, we reverse Beasley's misdemeanor convictions in counts 3, 5, 7, 9, and 11. Given the silence of the appellate record and the trial court's sua sponte duty to instruct on all theories of a lesser included offense that find substantial support in the evidence, even over the defendant's objection (*People v. Breverman* (1998) 19 Cal.4th 142, 162 [77 Cal.Rptr.2d 870, 960 P.2d 1094]), it would be unwarranted speculation to conclude appellant forfeited his statute of limitations defense.[3]

4. *The habeas corpus petition does not state a prima facie claim of ineffective assistance of counsel.*

In his petition for writ of habeas corpus, Beasley contends his trial attorney rendered ineffective assistance by a variety of omissions.

■ A claim that counsel was ineffective requires a showing, by a preponderance of the evidence, of an objectively unreasonable performance by counsel and a reasonable probability that, but for counsel's errors, the petitioner or appellant would have obtained a more favorable result. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216-218 [233 Cal.Rptr. 404, 729 P.2d 839].)

---

[3]The issue raised must necessarily arise in many cases and appears ripe for legislative resolution. It would appear to be in the interest of both the prosecution and defense to permit conviction of a time-barred, uncharged lesser included offense, because it gives the jury an option other than the oft-derided "all or nothing" choice between conviction of the greater offense or acquittal. (See, e.g., *People v. Breverman, supra,* 19 Cal.4th at p. 155.) Absent a rule permitting such a conviction, however, the trial court's duty to instruct sua sponte on lesser included offenses is limited to offenses that are not time-barred. While the trial courts and counsel must assume the responsibility of considering the impact of the statute of limitations in determining whether instructions should be given on particular lesser included offenses, mistakes inevitably occur. Where evidence of acquiescence is lacking, convictions of time-barred lesser included offenses are vulnerable to reversal.

a. *Counsel did not render ineffective assistance by failing to object to CALJIC No. 2.90.*

 Beasley first contends his attorney was ineffective by failing to object to CALJIC No. 2.90.[4] Beasley argues that CALJIC No. 2.90 violated due process because the elimination of the phrase "moral certainty" from the former version of 2.90 and the remaining reference to "an abiding conviction" fail to distinguish between the reasonable doubt and clear and convincing standards of proof.

The 1994 revision of CALJIC No. 2.90 conforms precisely to the instruction suggested in *People v. Freeman* (1994) 8 Cal.4th 450, 504, footnote 9 [34 Cal.Rptr.2d 558, 882 P.2d 249, 31 A.L.R.5th 888], and correctly defines reasonable doubt. (See, e.g., *People v. Godwin* (1996) 50 Cal.App.4th 1562, 1571-1572 [58 Cal.Rptr.2d 545]; *People v. Tran* (1996) 47 Cal.App.4th 253, 262-263 [54 Cal.Rptr.2d 650]; *People v. Light* (1996) 44 Cal.App.4th 879, 884-889 [52 Cal.Rptr.2d 218].) Accordingly, Beasley's attorney did not err by failing to object to CALJIC No. 2.90, and no prejudice could result from use of the instruction.

b. *Petitioner failed to establish a prima facie claim that counsel rendered ineffective assistance by failing to cross-examine a witness at the preliminary hearing.*

 Beasley further contends his attorney was ineffective for failing to cross-examine the "primary preliminary hearing witness, who had once stated that her clothes were on during an alleged [*sic*] assault, later stated her clothes were off." The unidentified witness to which this contention refers must have been Garrido, as she was the chief witness at the preliminary hearing.

Beasley failed to establish a prima facie claim on this theory for several reasons. He provided no proof that Garrido made the inconsistent statements to which he refers, and also failed to show his attorney knew or should have known of the existence of such statements. If the statements did not exist or if counsel had no reason to know of them, his failure to question Garrido about them could not be deemed objectively unreasonable. Furthermore, Beasley did not show the clothing issue to be sufficiently material to Garrido's credibility or the sufficiency of evidence regarding any particular

---

[4]CALJIC No. 2.90, as given, defined reasonable doubt as follows: "It is not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge."

count. Nor did he show that had counsel cross-examined Garrido on this point, there is reasonable probability he would have obtained a more favorable outcome at the preliminary hearing, i.e., the judge would not have held him to answer on particular charges. Accordingly, Beasley did not make a prima facie showing of either deficient performance or prejudice.

 c. *Petitioner failed to establish a prima facie claim that counsel rendered ineffective assistance by failing to object to or investigate photographic evidence.*

 Beasley faults counsel's performance regarding photographs taken by persons who were not police officers on several grounds. First, he contends defense counsel rendered ineffective assistance by failing to object to the photographs. His failure to specify the grounds for objection and show its merits on appeal, however, defeats his claim. Counsel's failure to make a futile or unmeritorious objection is not deficient performance. (*People v. Price* (1991) 1 Cal.4th 324, 387 [3 Cal.Rptr.2d 106, 821 P.2d 610].) Moreover, the decision to object or not object to the admission of evidence is inherently tactical, and a failure to object will seldom establish ineffective assistance. (See, e.g., *People v. Williams* (1997) 16 Cal.4th 153, 215 [66 Cal.Rptr.2d 123, 940 P.2d 710].)

Similarly, Beasley contends his attorney's failure to challenge the manner in which the photographs were developed constituted ineffective assistance. However, Beasley's failure to specify the nature of the challenge and to show its merits undermines his claim.

Beasley also contends his attorney rendered ineffective assistance by failing to investigate claims of photographers and developers that the photographs were in fact made on the date of the incidents. Presumably, this refers to photographs taken by Garrido's sister, Claire Ortega, after the incident upon which counts 14 and 15 were based. These photographs were introduced as People's exhibits 3 through 5. Garrido testified her sister took the photographs on July 8, the day after Beasley beat her with a belt. Her sister testified she took the photographs, but did not state when. There was no testimony from the person who developed and printed the photographs, assuming they were made on film, not with a digital camera. Thus, the factual component of Beasley's contention is wrong—there was no claim the photographs were made on the date of the incident.

More importantly, Beasley fails to show his attorney knew or should have known of particular facts that would have lead a competent attorney to

investigate the timing of the photographs. Counsel is only required to make a reasonable investigation; reasonableness depends upon the totality of the circumstances, and great deference is given to counsel's judgment. (*In re Cudjo* (1999) 20 Cal.4th 673, 692 [85 Cal.Rptr.2d 436, 977 P.2d 66].) Accordingly, Beasley did not show deficient performance. In addition, because he failed to plead or prove that counsel would have discovered useful information casting doubt on the validity of the photographs, he also failed to establish prejudice.

> d. *Petitioner failed to establish a prima facie claim that counsel rendered ineffective assistance by failing to interview an unidentified witness.*

 Beasley contends his trial attorney was ineffective because he failed to interview someone who was present during one of the alleged assaults and would testify that Beasley did not strike Garrido. For many reasons, this contention fails to state a prima facie claim of ineffective assistance. Beasley failed to show his attorney knew or should have known the witness's identity and significance. He also failed to show the witness was available to be interviewed by his attorney. Accordingly, he failed to show deficient performance. Moreover, the attorney's failure to interview the witness clearly had no effect on the outcome of the trial. Assuming Beasley meant to allege his attorney should have interviewed and called the witness to testify at trial, his contention still fails to show prejudice, in that he failed to provide a declaration from the unidentified witness setting forth the substance of the proposed testimony and the witness's availability to testify at trial. For all of these reasons, Beasley's contention is insufficient.

> 5. *CALJIC No. 2.90 correctly states the reasonable doubt standard.*

 Beasley contends instruction with CALJIC No. 2.90 violated due process. For the reasons stated in the context of the ineffective assistance of counsel claim regarding this instruction, CALJIC No. 2.90 accurately sets forth the reasonable doubt standard. Accordingly, the habeas corpus petition fails to state a prima facie claim on this ground.

### DISPOSITION

The petition for writ of habeas corpus is denied. The judgment is reversed as to misdemeanor convictions in counts 3, 5, 7, 9, and 11, and felony convictions in counts 8 and 10. Judgment is further modified: counts 19 and

21 are modified to reflect a conviction of assault in violation of Penal Code section 240. Sentence is vacated. In all other respects, the judgment is affirmed, and the cause is remanded for resentencing on the modified counts.

Cooper, P. J., and Rubin, J., concurred.

A petition for a rehearing was denied March 3, 2003, and the opinion was modified to read as printed above.