Filed 5/16/13  P. v. Bates CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JASON BATES,<br><br>        Defendant and Appellant. | A135876<br><br>(Sonoma County<br>Super. Ct. No. SCR566198) |

Jason Bates (appellant) was charged with five violations of Penal Code section 288.[1]  At the conclusion of his trial, the jury found appellant guilty of one count of misdemeanor battery (§ 242), as a lesser included offense of section 288, subdivision (c).[2]  The jury found him not guilty on the remaining four counts.

Appellant's sole contention on appeal is that he was improperly convicted of misdemeanor battery because that crime is not a lesser included offense of lewd and lascivious conduct.  Respondent concedes that the judgment must be reversed, either because battery is not a lesser included offense of lewd and lascivious conduct or because appellant's conviction for battery is barred by the statute of limitations.

The case law is conflicting as to whether battery is a lesser included offense of section 288, subdivision (c).  (Compare, e.g., *People v. Thomas* (2007) 146 Cal.App.4th

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defense counsel had objected to the court instructing the jury on battery as a lesser included offense of section 288.

1

1278, 1291-1293; *People v. Santos* (1990) 222 Cal.App.3d 723, 739.)[3]  Even assuming that it is, we conclude the judgment must nonetheless be reversed because appellant's conviction is barred by the one-year statute of limitations for misdemeanor battery.  (See *People v. Beasley* (2003) 105 Cal.App.4th 1078, 1089-1090.)  The charged offense allegedly took place on July 14, 2007.  A felony complaint was filed against appellant on July 27, 2009, and an information was filed on February 23, 2010, both more than one year after the date of the alleged offense.  (See §§ 802, subd. (a); 804; 805, subd. (b).)~

The judgment is reversed.

_____
Kline, P.J.

We concur:

_____
Lambden, J.

_____
Richman, J.

---

[3] This question is currently pending before the California Supreme Court in *People v. Shockley* (2010) 190 Cal.App.4th 896, review granted March 16, 2011, No. S189462.