Filed 12/3/13  P. v. Vang CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>CHA PAO VANG,<br><br>      Defendant and Appellant. | A136494<br><br>(Del Norte County<br>Super. Ct. No. CRF119525) |

During the course of two days in September 2011, the wife of defendant Cha Pao Vang suffered a series of physical and mental indignities at his hand.  He repeatedly hit her with his fists.  He repeatedly hit her with a stick.  He repeatedly brandished a gun in her face, aimed it at her, and threatened to shoot her.  And he repeatedly grabbed and pushed her.  A search of defendant's pickup produced a loaded handgun underneath the passenger seat, and a hypodermic syringe in a backpack.

A jury convicted defendant of four felonies:  assault with a firearm (Pen. Code, § 245, subd. (a)(2); two counts of making criminal threats involving the personal use of a firearm (Pen. Code, §§ 422, 12022.5); and one count of inflicting corporal injury to a spouse (Pen. Code, § 273.5).  The jury also found defendant guilty of the misdemeanor charges of possessing a hypodermic syringe (Bus. & Prof. Code, former § 4140), and possessing a concealed weapon in a motor vehicle (former Pen., Code, § 12025).  The trial court sentenced defendant to an aggregate term of 13 years in state prison.

Defendant advances two contentions, both of which center on Penal Code section 273.5 (section 273.5).  First, he contends the trial court erred in not instructing the

1

jury on the lesser included offense of spousal battery (Pen. Code, § 243, subd. (e)(1)). Second, he contends his conviction of this offense is not supported by substantial evidence. Although we conclude that there was instructional error, it was not prejudicial. We further conclude that defendant's conviction for violating section 273.5 is supported by substantial evidence, and we affirm.

## REVIEW

Defendant's two contentions are intertwined and share a joint premise. Understanding that premise requires some analysis of section 273.5. Subdivision (a) of that statute provides: "Any person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both that fine and imprisonment." "[T]raumatic condition" is defined as "a condition of the body, such as a wound, or external or internal injury, including, but not limited to, injury . . . whether of a minor or serious nature, caused by a physical force." (*Id*., subd. (c).)

This is a general intent offense, so the traumatic condition need not be specifically intended. (*Donley v. Davi* (2009) 180 Cal.App.4th 447, 457-459; *People v. Campbell* (1999) 76 Cal.App.4th 305, 307-309.) Simple bruising can be a "corporal injury resulting in a traumatic condition" if caused by a willful use of force (*People v. Beasley* (2003) 105 Cal.App.4th 1078, 1085; *People v. Wilkins* (1993) 14 Cal.App.4th 761, 771), that is, "a direct application of force on the victim by the defendant." (*People v. Jackson* (2000) 77 Cal.App.4th 574, 580.)

Taking up defendant's second contention first, he contends there was no evidence he willfully inflicted corporal injury on his wife.

The prosecution took the position that the "corporal injury resulting in a traumatic condition" suffered by defendant's wife were injuries to her hand resulting from wrestling with defendant for control of the firearm. Defendant's wife testified that she

2

suffered "a cut on [the] hand." Photographs of the cut were taken by police later that day after defendant was arrested. Those photographs were admitted in evidence. The officer who took the photographs testified that the wife had what looked like a "laceration or abrasion to the hand," and there was "fresh blood on the [wife's] hand" and the weapon.

The wife's testimony, together with reasonable inferences we must presume were drawn by the jury, constitute substantial evidence that the corporal injury was willfully inflicted on her hand by defendant. (Evid. Code, § 411; *People v. Young* (2005) 34 Cal.4th 1149, 1181; *People v. Combs* (2004) 34 Cal.4th 821, 849.)

Defendant maintains the injury was inflicted because his wife tried to grab the gun out of his hand. He concedes that he was holding the weapon, but he cites the wife's testimony that she received the cut after she "tried to grab it." In an elegant way, defendant is saying that the wife caused her own injury. We believe the substance of this argument is that the wife's action was an independent intervening (or superseding) cause. It was not.

" 'In general, an "independent" intervening cause will absolve a defendant of criminal liability. [Citation.] However, in order to be "independent" the intervening cause must be "unforeseeable . . . an extraordinary and abnormal occurrence, which rises to the level of an exonerating, superseding cause." (*People v. Armitage* (1987) 194 Cal.App.3d 405, 420–421.) On the other hand, a "dependent" intervening cause will not relieve the defendant of criminal liability. "A defendant may be criminally liable for a result directly caused by his act even if there is another contributing cause. If an intervening cause is a normal and reasonably foreseeable result of defendant's original act the intervening act is 'dependent' and not a superseding cause, and will not relieve defendant of liability. [Citation.] '[ ] The consequence need not have been a strong probability; a possible consequence which might reasonably have been contemplated is enough. [ ] The precise consequence need not have been foreseen; it is enough that the defendant should have foreseen the possibility of some harm of the kind which might result from his act." [Citation.]' [Citations.]" (*People v. Cervantes* (2001) 26 Cal.4th 860, 871.)

3

Stated another way, in the decision quoted by the Supreme Court: "It has long been the rule in criminal prosecutions that the contributory negligence of the victim is not a defense. [Citations.] In order to exonerate a defendant the victim's conduct must not only be a cause of his injury, it must be a superseding cause. 'A defendant may be criminally liable for a result directly caused by his act even if there is another contributing cause. If an intervening cause is a normal and reasonably foreseeable result of defendant's original act the intervening act is "dependent" and not a superseding cause, and will not relieve defendant of liability.' [Citation.] As Witkin further notes, '[a]n obvious illustration of a dependent cause is the victim's attempt to escape from a deadly attack or other danger in which he is placed by the defendant's wrongful act.' [Citation.] Thus, it is only an unforeseeable intervening cause, an extraordinary and abnormal occurrence, which rises to the level of an exonerating, superseding cause. [Citations.] Consequently, in criminal law a victim's predictable effort to escape a peril created by the defendant is not considered a superseding cause of the ensuing injury or death. [Citations.] As leading commentators have explained it, an unreflective act in response to a peril created by defendant will not break a causal connection. In such a case, the actor has a choice, but his act is nonetheless unconsidered. 'When defendant's conduct causes panic an act done under the influence of panic or extreme fear will not negative causal connection unless the reaction is wholly abnormal.' [Citation.]" (*People v. Armitage, supra,* 194 Cal.App.3d 405, 421, fn. omitted.)

Although defendant not unnaturally chooses to focuses on a single aspect of the confrontation, the full context must be appreciated. This was no academic discussion, but the continuation of violence by defendant toward his wife. Having already been attacked with defendant's fists, as well as hit with the stick he wielded, the wife feared further violence, and fled their home to take refuge with friends. Defendant came after her. His agitation was sufficiently obvious that the friends told him to leave. His agitation escalated when his wife refused his entreaties to return home with him, despite his promise not to hit her any more. It was then that defendant grabbed his wife, produced the gun, and pointed it at her chest.

4

Defendant created the situation in which the wife felt compelled to act, for her own self-protection if not preservation. In those circumstances, the wife's response in trying either to gain possession of the weapon, or at least have it point at something other than her chest, was completely normal, totally natural and utterly foreseeable. Moreover, even according to defendant's scenario, the injury could just as easily been caused by defendant pulling the gun out of his wife's hands. Even if defendant had no intent to injure his wife, he is legally responsible for the consequences.

We turn to the claim of instructional error, i.e., that the trial court erroneously and prejudicially failed to instruct on the lesser included offense of battery.

"When a battery is committed against a spouse, a person with whom the defendant is cohabiting, a person who is the parent of the defendant's child, former spouse, fiance, or fiancee, or a person with whom the defendant currently has, or has previously had, a dating or engagement relationship, the battery is punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail for a period of not more than one year, or by both that fine and imprisonment." (Pen. Code, § 243, subd. (e)(1).) Lacking the "corporal injury resulting in a traumatic condition" of section 273.5, this is a lesser included offense of section 273.5. (*People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1457; *People v. Jackson, supra,* 77 Cal.App.4th 574, 580.)

A trial court has the independent obligation to instruct on lesser included offenses only when " ' "there is substantial evidence raising a question as to whether all of the elements of the charged offense are present." ' " (*People v. Cole* (2004) 33 Cal.4th 1158, 1215.) Defendant contends that the jury could have determined that the evidence of his wife's injuries did not qualify as the "traumatic condition" required by section 273.5,[1] thus obliging the trial court to instruct on the lesser included offense described in section 243, subdivision (e)(1). Defendant notes that several witnesses "all testified that appellant grabbed [his wife] by the shirt. The grabbing of a person's clothing satisfied

---

[1] Indeed, this was the sole defense against the charge argued by his counsel. Defendant testified that there was no gun and no struggle over it.

5

the touching element of battery. Alternatively, the record contains evidence supporting the fact that while appellant had the gun, it made contact with [his wife's] skin on her neck, a willful and unlawful touching within the definition of battery."

The Attorney General concedes the principle that the battery described in section 243, subdivision (e)(1) is a lesser included offense of section 273.5, but she argues the trial court's independent duty was not "triggered" because there was no substantial evidence that the offense was less than the crime charged.

'[T]he existence of '*any* evidence, no matter how weak' will not justify instructions on a lesser included offense, but such instructions are required whenever evidence that the defendant is guilty only of the lesser offense is 'substantial enough to merit consideration' by the jury. [Citations.] 'Substantial evidence' in this context is ' "evidence from which a jury composed of reasonable [persons] could . . . conclude[]" ' that the lesser offense, but not the greater, was committed. [Citations.]" (*People v. Breverman* (1998) 19 Cal.4th 142, 162.) "Speculation is insufficient to require the giving of an instruction on a lesser included offense." (*People v. Mendoza* (2000) 24 Cal.4th 130, 174.)

None of the scenarios now advanced by defendant were raised at trial. This is not to condemn them as simple speculation, but only to point out that they assume the evidence is viewed through a defense prism that is not immediately self-explanatory. A far more damaging criticism is that these scenarios presume either a total or a partial "unexplainable rejection of prosecution evidence." (*People v. Simons* (1996) 42 Cal.App.4th 1100, 1111.) Only such a rejection could explain why defendant's scenarios elide over the injury to the wife's hand. If defendant did not have the gun, how to explain that injury? It thus appears that defendant's trial counsel may well have chosen the best strategy for convincing the jury not to convict on the charged offense. If the jury had concluded that there was no traumatic injury, the option of the lesser offense of battery would avoid putting them "into an 'unwarranted all-or-nothing choice' [citation] that could lead to an unwarranted conviction." (*People v. Hughes* (2002) 27 Cal.4th 287, 365.)

6

However, the trial court must instruct on lesser included offenses even if they are inconsistent with the defense theory elected by the defendant. (*People v. Breverman*, *supra*, 19 Cal.4th 142, 157.) And in deciding whether there is substantial evidence of a lesser included offense, neither the trial court nor a reviewing court can usurp the jury's exclusive authority to evaluate witness credibility. (*People v. Wyatt* (2012) 55 Cal.4th 694, 698.) Thus, however implausible they may appear, defendant's scenarios do point to a lesser included offense that has the support of substantial evidence—in the form of defendant's testimony—on which the jury ought to have been instructed.

But the jury was asked to determine whether that defendant did inflict a traumatic condition. The jury resolved that factual issue against defendant. The determinations that a gun *was* present, *was* in defendant's hands, and *was* used against the victim, are reflected in the jury also convicting defendant of the assault with a weapon charge. The jury made a conclusive determination rejecting defendant's uncorroborated testimony. In light of the totality of circumstances, this in an instance where " 'the issue should not be deemed to have been removed from the jury's consideration since it has been resolved in another context, and there can be no prejudice to the defendant since the evidence that would support a finding that only the lesser offense was committed has been rejected by the jury.' " (*People v. Wright* (2006) 40 Cal.4th 81, 98; accord, *People v. Elliott* (2005) 37 Cal.4th 453, 475.) We conclude that the failure to instruct on the lesser included offense of battery was harmless, because there is no reasonably probability of a more favorable result. (Cal. Const., art. VI, § 13; *People v. Wyatt*, *supra*, 55 Cal.4th 694, 698.)

## DISPOSITION

The judgment of conviction is affirmed.

_____
Richman, J.

We concur:


_____
Haerle, Acting P.J.


_____
Brick, J.[*]


_____

[*] Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8