Filed 6/17/24  P. v. Sanchez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LUIS R. SANCHEZ,<br><br>Defendant and Appellant. | B324184<br><br>(Los Angeles County<br>Super. Ct. No. PA096833) |

APPEAL from a judgment of the Los Angeles County Superior Court, Hayden A. Zacky, Judge.  Affirmed.

Nathanael C. Crowley, by appointment from the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Luis Sanchez (defendant) of assault with a deadly weapon after he attacked a laundromat attendant with a garden rake. Defendant argues that the court erred by not instructing the jury sua sponte on self-defense, and that insufficient evidence supports the jury's finding that the rake was a deadly weapon. These arguments lack merit, so we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

### I.   Facts

On the night of July 1, 2021, Gonzalo Rosales drove to his workplace, a laundromat in Northridge, to clean and lock up for the night. Rosales picked his daughter up from her job on his way there. He parked his truck outside the laundromat and observed defendant "walking around pushing trash cans." Rosales had seen defendant there before, but they had only exchanged greetings once. At about 10:40 p.m., defendant approached Rosales's truck and began to strike and kick it. Rosales locked his daughter and himself in the truck and called the police.

Defendant left the scene and Rosales entered the laundromat to do his work, leaving his daughter in his locked car. A few customers were inside finishing their laundry, as shown in a surveillance camera footage at the back of the laundromat that faced the front of the business. Defendant reappeared and entered the laundromat carrying a garden rake. He announced to the customers that he owned the laundromat. Rosales demanded that defendant leave. Defendant, still carrying the rake, approached Rosales and backed him into a corner, where the men stood outside the surveillance camera's view for several seconds. Rosales testified that while he was backed into the corner, defendant threatened to "beat [him] up." Defendant

2

retreated to the front of business, but did not leave. Rosales followed him to the front of the store, where they stood arguing. Defendant then swung the rake at Rosales, who raised his arm to protect his face. The rake hit Rosales's arm. Defendant swung the rake at Rosales again, this time hitting him on the back of his head. The blows from the rake caused scratches to Rosales's arm, and a welt on his head.

Defendant continued to threaten Rosales, and Rosales demanded he leave and stated that the police were coming. Defendant lingered around the entrance, while Rosales lined up the laundry carts for the night and walked to the back of the store to retrieve the handle from a mop. Rosales walked back to the front of the store to defendant, and the men engaged in what the prosecutor described as a "sword fight." The police came and arrested defendant. They recovered a lightweight, metal rake handle where defendant was standing, and the rake head from a trash can in the laundromat. The head consisted of metal tines in a plastic frame.

## II. *Procedural Background*

The People charged defendant with a single count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)),[1] and further alleged that defendant had a prior serious or violent felony conviction (§§ 667, subd. (d), 1170.12, subd. (b)).

The matter proceeded to trial by jury. The arresting officer testified to the circumstances leading to defendant's arrest, and identified the rake recovered from the scene. Rosales testified to the details of the assault. The jury heard the 911 call, and was shown security camera footage from inside the laundromat and photos of the rake defendant wielded.

---

[1]     Further statutory references are to the Penal Code.

3

The jury was instructed on the elements of assault with a deadly weapon as well as simple assault, a lesser included offense.  Defense counsel did not request, and the court did not give instructions on self-defense.  Nor did defense counsel argue self-defense in closing.  Instead, counsel argued that the rake was not a deadly weapon, and that if the jury finds defendant guilty of any offense, it should be simple assault.

The jury convicted defendant of assault with a deadly weapon and found true the allegation that defendant had a prior strike conviction.  The trial court sentenced defendant to six years in state prison, composed of three years for assault, times two for the strike conviction.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant argues that the trial court erred in failing to instruct the jury on self-defense sua sponte (which he urges violated his due process rights), and that his counsel was ineffective for failing to request self-defense instructions.  Defendant also argues that insufficient evidence supports the jury's finding that the garden rake was a deadly weapon.

## I.  The Court Did Not Err in Omitting Self-Defense Instructions

In a criminal case, the trial court has a duty to instruct on general principles of law applicable to the case.  (*People v. Covarrubias* (2016) 1 Cal.5th 838, 873; *People v. Anderson* (2011) 51 Cal.4th 989, 996 (*Anderson*).)  That duty extends to instructions on defenses, but only if the defendant is relying on such a defense, or if the defense is supported by substantial evidence and is not inconsistent with the defendant's theory of the case.  (*People v. Gutierrez* (2009) 45 Cal.4th 789, 824; *People*

4

*v. Maury* (2003) 30 Cal.4th 342, 424.) To justify as self-defense an act charged as an assault (§ 245), a defendant " 'must have an honest *and reasonable* belief that bodily injury is about to be inflicted on him.' " (*People v. Minifie* (1996) 13 Cal.4th 1055, 1065.) Any right of self-defense is limited to such force that is " 'reasonable under the circumstances.' " (*Ibid.*) We independently review a trial court's decision not to give a self-defense instruction (*People v. Rivera* (2019) 7 Cal.5th 306, 326; *People v. Simon* (2016) 1 Cal.5th 98, 133); in doing so, we must determine whether substantial evidence supported the defense, and we resolve any doubts in favor of the accused (*People v. Tufunga* (1999) 21 Cal.4th 935, 944).

To support his argument that substantial evidence supported a self-defense instruction, defendant relies on a poor-quality surveillance video, which he interprets as showing defendant "being hit first."[2] The footage, which we have reviewed, is blurry and does not show that Rosales hit defendant first. The only discernable violent actions are defendants' acts of swinging the rake at Rosales. Defendant's assertion based on the footage thus extends " 'beyond [the realm] of reasonable inferences into the realm of speculation, conjecture, surmise, or guesswork,' " and thus falls short from being " 'reasonable, credible, and of solid value.' " (*People v. Brooks* (2017) 3 Cal.5th 1, 57; *People v. Garcia* (2020) 46 Cal.App.5th 123, 168-169; *People v. Soriano* (2021) 65 Cal.App.5th 278 [substantial evidence means *evidence*, not guesswork].) Defendant's position is particularly tenuous in view of the uncontroverted evidence in the record, which shows that defendant kicked Rosales's truck, entered the

---

[2]     Defendant raises his contention that Rosales hit him first for the first time on appeal.

laundromat with a rake, and threatened to beat Rosales before the physical conflict ensued.  Under these circumstances, no reasonable juror could infer, based solely on the grainy inconclusive footage, that defendant was acting in self-defense when he hit Rosales with the rake.  (See *People v. Millbrook* (2014) 222 Cal.App.4th 1122, 1137 [evidence is substantial if " 'a reasonable jury could find [it] persuasive' "].)

Defendant resists this conclusion by urging that Rosales's "credibility was in question" because Rosales's claim that defendant had struck his truck was not corroborated by any other evidence, and Rosales's testimony differed from what was shown in the surveillance videos.  This argument is misplaced because Rosales's credibility is not a proper consideration in our review for substantial evidence.  (See *People v. Breverman* (1998) 19 Cal.4th 142, 163 [courts should not examine credibility of witnesses in deciding whether substantial evidence supports jury instructions].)

Having concluded there was no instructional error, we do not reach harmlessness.  And defendant's ineffective assistance of counsel and due process claims also necessarily fail.  (*People v. Beasley* (2003) 105 Cal.App.4th 1078, 1092 (*Beasley*) [counsel's failure to make unmeritorious argument is not deficient performance].)

## II.    *Substantial Evidence Supports the Jury's Finding That the Rake Was a Deadly Weapon*

" 'As used in section 245, subdivision (a)(1), a "deadly weapon" is "any object, instrument, or weapon which is used in such a manner as to be capable of producing and likely to produce, death or great bodily injury." ' " (*People v. Aledamat* (2019) 8 Cal.5th 1, 6 (*Aledamat*).)  Some objects, such as dirks

and blackjacks, have been held to be deadly per se.  (*Ibid.*)  Other objects, while not deadly per se, may be used in a manner to produce death or great bodily injury.  (*Ibid.*)  " 'In determining whether an object not inherently deadly or dangerous is used as such, the trier of fact may consider the nature of the object, the manner in which it is used, and all other facts relevant to the issue.' "  (*Ibid.*, quoting *People v. Aguilar* (1997) 16 Cal.4th 1023, 1028-1029.)  The determination of whether an object is a deadly weapon "must rest on evidence of how the defendant actually 'used' the object."  (*In re B.M.* (2018) 6 Cal.5th 528, 534 (*B.M.*).)  We review the jury's finding on this issue for substantial evidence.  (*Id.* at p. 536.)

Defendant relies on *Beasley, supra,* 105 Cal.App.4th 1078 in arguing that insufficient evidence supported the jury's finding.  *Beasley* is distinguishable, however, because unlike here—where defendant struck the victim in the head with a metal object—the defendant in *Beasley* struck the victim with a broomstick on her "arms and shoulders," and with a "hollow" "plastic" "vacuum attachment" on her back and shoulder.  (*Id.* at pp. 1087, 1088.)  Further, there was no evidence of the "degree of force" the defendant used when striking the victim with the broomstick, whereas here there is evidence of force sufficient to cause the metal tines to bend.  (*Ibid.*)

Here, defendant first swung the rake at Rosales's *head* with the end of a rake that contained metal tines.  (See *People v. Page* (2004) 123 Cal.App.4th 1466, 1473 [pencil held to neck was deadly weapon]; cf. *B.M.*, *supra*, 6 Cal.5th at p. 536 [defendant did not use knife to attack victim's head, but rather limited attack to victim's legs].)  Rosales defended this blow with his arm, but a jury could find that blindness was a likely consequence of

7

being hit by the head of the rake.  (*B.M.*, at p. 535; see *People v. Roberts* (1981) 114 Cal.App.3d 960, 965 ["blindness" is "surely a great bodily injury"]; accord *People v. Lochtefeld* (2000) 77 Cal.App.4th 533, 540, 541.)  Defendant also landed a blow on defendant's head using the metal handle of the rake.  (See *People v. Jaramillo* (1979) 98 Cal.App.3d 830, 837 [stick used to strike children was deadly weapon within meaning of section 12022, subdivision (b)].)  We cannot say no reasonable factfinder could conclude that defendant's use of the rake in this manner was likely to cause great bodily injury.

Defendant correctly observes that the handle appeared to be lightweight, and that Rosales suffered relatively minor injuries—a bump on his head and a scratch on his arm.  Although relevant, the extent of Rosales's injury is not dispositive; indeed, no physical contact is required to sustain a finding that a deadly weapon was used.  (*People v. Koback* (2019) 36 Cal.App.5th 912, 925 [defendant who lunged at person with car key, but missed, used the key as a deadly weapon].)  It is not our task to reweigh the evidence, and reversal "is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding."  (*People v. Jennings* (2010) 50 Cal.4th 616, 639.)

/ / /

/ / /

/ / /

## *DISPOSITION*

The judgment of conviction is affirmed.


                                        LEE, J.*

WE CONCUR:



BAKER, Acting P. J.



KIM, J.

---

\*     Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.