Filed 1/12/23  P. v. Whitehurst CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

# DIVISION ONE

# STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>MARVIN CHARLES WHITEHURST,<br><br>      Defendant and Appellant. | D080128, D080256<br><br><br>(Super. Ct. Nos. SCN425127,<br>SCN424443) |

CONSOLIDATED APPEALS from judgments of the Superior Court of San Diego County, Kelly C. Mok, Judge.  Affirmed.

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Marvin Charles Whitehurst represented himself in two separate criminal trials in early 2022.  In the first case, SCN424443, the jury found Whitehurst guilty of failing to register as a sex offender (Pen. Code,[1]

---

[1]     All further statutory references are to the Penal Code.

§ 290.018, subd. (b)).  Several weeks later, a separate jury in the second case, SCN425127, found Whitehurst guilty of one count of corporal injury to a person with whom he had a dating relationship (§ 273.5, subd. (a); Count 1), and one count of violating a protective order (§ 166, subd. (c)(1); Count 2). The trial court held a combined sentencing hearing, and sentenced him to an aggregate term of six years, eight months in prison.

Whitehurst appealed the convictions in both cases, and, in each case, his appointed appellate counsel filed an opening brief indicating he had not been able to identify any arguable issues for reversal on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  We notified Whitehurst that he could file a supplemental brief on his own behalf in each case, and he did.  We have independently reviewed the records in each case and have considered the briefs filed by Whitehurst and his appointed counsel.  We find no arguable issues that would result in reversal of either judgment.  We consolidated the cases for disposition and affirm the judgments.

FACTUAL AND PROCEDURAL BACKGROUND

Whitehurst was convicted of attempted sexual assault, among other charges, in Arizona in 2010.  The conviction required him to register as a sex offender.  Whitehurst was aware of the requirement.  In November 2017, he initialed and signed a form notifying him that he was required to register as a sex offender, that it was a lifetime requirement, and that, if he were to move to another state, he would need to comply with the registration requirements of that state.

On March 18, 2021, Whitehurst updated his registration to report a change of address in Escondido, California.  The form he filled out included a notification that he also had to complete an annual registration within five

2

days of his birthday.  Whitehurst initialed the form next to that requirement.  Whitehurst's birthday was in April, and he failed to complete the annual registration within the allotted time in 2021.  Whitehurst was arrested at the parole office in Escondido on May 13, 2021, and charged, in case number SCN424443, with failing to register as a sex offender.  He was released on bail the next day.

Whitehurst was arrested again on July 9, 2021, while on bail, after an altercation with his live-in girlfriend, Danielle B.  According to Danielle, Whitehurst punched her in the face several times, causing her to bleed from her nose.  Danielle's minor children were in the home during the altercation.

On July 16, the trial court issued a criminal protective order restraining Whitehurst from contacting Danielle.  Despite the order, Whitehurst continued to call Danielle from jail on a daily basis.  On at least one occasion, Whitehurst encouraged Danielle not to testify against him at trial.  In an amended complaint filed October 13, 2021, the People charged Whitehurst, in case number SCN425127, with corporal injury to a person with whom he had a dating relationship (Danielle), false imprisonment, resisting an officer, disobeying a court order, and violation of a protective order.

The trial court held preliminary hearings for both cases, SCN424443 and SCN425127, on November 1, 2021.  The court found there was insufficient evidence to support the false imprisonment charge, but bound Whitehurst over on all remaining charges.  Whitehurst agreed to immediate arraignments, and pled not guilty to all asserted charges.

3

At a readiness hearing on November 29, Whitehurst submitted a *Faretta/Lopez*[2] waiver acknowledgment form and asked to represent himself in both cases.  The trial court questioned Whitehurst on the record and, after confirming that he understood the risks of self-representation, granted the request.  Trial was set for December 13, 2021.

On December 13, the prosecutor for SCN425127 represented that she would need more time because there was a delay in accessing some records due to a roof collapse at the court.  Initially, the prosecutor for the other case, SCN424443, believed she could proceed, so the trial for SCN425127 was set to trail the trial for SCN424443.

Turning to SCN424443, the trial court noted that Whitehurst had previously agreed to stipulate that he had a prior from Arizona that required him to register as a sex offender, but the stipulation remained unsigned.  Whitehurst stated he would not agree to the stipulation and, after attempting to work out an alternative, the prosecutor asked the court to continue SCN425127 as well.  The court continued both cases to December 20, and noted there would be 10 days remaining at that time.

That evening, Whitehurst had an altercation with two San Diego Sheriff's Deputies, while held at the San Diego Central Jail pending trial.  Both officers sustained minor injuries.  Whitehurst was placed in medical isolation following the incident, and was not produced on December 20, or at a subsequent hearing on January 3, 2022.  Whitehurst returned to court on January 10 and asked the court to dismiss all charges based on the delay.  The court found there was good cause for the delay and denied the request.

---

2      *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*); *People v. Lopez* (1977) 71 Cal.App.3d 568.

The trial for SCN424443 commenced on January 12 and, on January 18, the jury found Whitehurst guilty of failing to register as a sex offender. The trial in case number SCN425127 commenced one week later, on January 25. At trial, the People omitted the charges for resisting an officer and disobeying a court order, alleged, further, that Count 1 was committed while Whitehurst was released on bail from an earlier felony offense, and asserted seven different aggravating sentencing factors, including, among others, that Whitehurst had prior, serious convictions, that Whitehurst was on parole during the commission of the crimes, and that at least two minor children witnessed the violence. The jury found Whitehurst guilty on all asserted charges, and made true findings on each of the aggravating sentencing factors.

On February 2, 2022, Whitehurst pleaded guilty to a misdemeanor charge of resisting arrest in connection with the December 20, 2021 prison altercation. The People agreed to run any time Whitehurst was to serve in that case concurrent with SCN424443 and SCN425127. At a combined sentencing hearing, the trial court sentenced Whitehurst to an aggregate term of six years, eight months in prison.

Whitehurst appealed the convictions in SCN424443 and SCN425127, and we consolidated the appeals for disposition.

DISCUSSION

In each case, appointed appellate counsel filed a brief summarizing the facts and proceedings below, arguing no specific contentions as grounds for relief, and asking this court to review the entire record for error as mandated by *Wende, supra*, 25 Cal.3d 436. To assist the court in its review, and in compliance with *Anders, supra*, 386 U.S. 738, counsel identified the following possible issues in the appeal from case number SCN424443: "A. Whether the

5

trial court erred in denying Whitehurst's motion for dismissal for speedy trial reasons. (2RT 222–223; 1CT 239; *People v. Wilson* (1963) 60 Cal.2d 139, 152–153.) [¶] B. [Whether] the court err[ed] in denying Whitehurst's motion to represent himself at trial. (SCT 5–7; SRT 3–7; *Faretta v. California* (1975) 422 U.S. 806; *People v. Welch* (1999) 20 Cal.4th 701, 729.)" Although these issues are common to both cases, counsel identified no specific issues in the appeal from case number SCN425127.

Regardless, neither issue identified by counsel has arguable merit. As to the first, a defendant in a felony case must be brought to trial within 60 days of his arraignment on an indictment or information, unless the court lengthens the time upon a showing of good cause. (§§ 1049.5, 1050, subd. (e), 1382, subd. (a)(2).) Here, the trials commenced shortly after the 60-day period, but, in each case, the trial court had good cause to continue the cases. As the trial court explained on the record, Whitehurst elected to represent himself, declined to enter a stipulation he had previously agreed to, and then was unable to attend court due to medical isolation. The trial could not have proceeded without Whitehurst, particularly since he was self-represented, and the resulting delays were minimal. (See *Elias v. Sup. Ct.* (2022) 78 Cal.App.5th 926, 938 [trial court had broad discretion to determine good cause, which includes witness unavailability and general orders related to the COVID-19 pandemic].)

As to the second issue, a criminal defendant who knowingly and intelligently waives the right to counsel has a constitutional right to conduct his or her own defense. (*Faretta, supra*, 422 U.S. at p. 819; *People v. Jenkins* (2000) 22 Cal.4th 900, 959.) Here, Whitehurst initialed and signed a *Faretta* waiver form while still represented by counsel, and the trial court questioned Whitehurst on the record before granting his request. Whitehurst

6

confirmed that he understood the risks of self-representation, and, despite those risks, the record indicates he knowingly and intelligently waived his right to counsel and invoked his right of self-representation. We have reviewed the *Faretta* waiver form and the transcript of the *Faretta* hearing, and we see no arguable issue for appeal.

As noted, Whitehurst also filed his own supplemental brief raising additional issues in each case.[3] The additional arguments he raises also lack arguable merit. In his brief addressing SCN425127, Whitehurst summarily asserts claims for violation of the Fourteenth amendment, insufficient evidence, invalid evidence, no evidence, and due process violations. In a supporting declaration, he asserts "[e]verything presented against me was hearsay, untruthful testimony by [Danielle], evasive and deceiving testimonies by the two officers and a fabricated blur, less than a spec of blood" on Danielle's dress. His primary argument seems to be that there was insufficient evidence to support the conviction, in part because there was minimal evidence of blood at the scene or visible injuries to Danielle. But, Danielle testified that her nose was bleeding after he punched her, and that there were abrasions on both of her knees. Her testimony was sufficient, on its own, to support the verdicts, and was also corroborated by the testimony of the arresting officers. (See *People v. Young* (2005) 34 Cal.4th 1149, 1181 [testimony of a single witness is sufficient to support a conviction]; *People v.*

_____

3    Whitehurst used the same motion paper form to file his supplemental brief in each case. On the caption in the appeal from SCN425127, he handwrote, "Supplemental brief in respon[s]e to the Wende Brief. D080128[.]" Whitehurst did not include a similar handwritten designation on his "motion" filed in the appeal from SCN42443. Given the content of the "motion," and the similarities between the two filings, we likewise construe Whitehurst's "motion" in the appeal from SCN42443 as a supplemental brief in response to the *Wende* Brief.

*Beasley* (2003) 105 Cal.App.4th 1078, 1085−1086 [victim's testimony of bruising sufficient to sustain conviction under section 273, subdivision (a)].) Whitehurst had the opportunity to cross-examine the witnesses and to argue the evidence at trial. This court is not permitted to determine the credibility of witnesses or reweigh the evidence on appeal. (*People v. Barnes* (1986) 42 Cal.3d 284, 306.)

In his brief addressing SCN424443, Whitehurst asserts he was denied a fair trial because the prosecutor refused to play a video that was "critical" to his defense. The video at issue showed Whitehurst being transported by the police immediately following his arrest. Whitehurst asserted the video was an example of fabricated evidence. The prosecutor initially agreed to display the video to the jury for Whitehurst, because he was unable to do so, and Whitehurst testified the shapes of the clouds indicated the video had been altered. The prosecutor called the transport officer as a rebuttal witness to refute the accusation. During his cross-examination of the officer, Whitehurst asked the prosecutor to play additional clips from the video. The prosecutor began to do so, but then stated she was no longer comfortable playing the clips because Whitehurst had accused her of intentionally delaying his exhibits. The trial court indicated it did not see any delay, but, in the interest of fairness, struck the entirety of the officer's rebuttal testimony. Because the officer's testimony was struck in its entirety, no cross-examination was necessary, and Whitehurst was not prejudiced by the prosecutor's refusal to play additional portions of the video.

We have reviewed the entire record, as required by *Anders, supra*, 386 U.S. 738, and *Wende, supra*, 25 Cal.3d 436, and determined that there are no arguable grounds for reversal in either appeal. We have also

determined that Whitehurst received competent representation in both appeals.

## DISPOSITION

The judgments rendered in SCN424443 and SCN425127 are affirmed.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

9