Filed 2/13/25  P. v. Flores CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ABRAHAM ALEXANDER FLORES,<br><br>    Defendant and Appellant. | D084091<br><br><br>(Super. Ct. No. SCD301574) |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Abraham Alexander Flores, in pro. per.; and Jo Pastore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Abraham Alexander Flores appeals the judgment sentencing him to prison after a jury found him guilty of inflicting corporal injury on a spouse with a prior conviction of the same offense.  After his appointed counsel filed a brief raising no claims of error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Flores filed a supplemental brief in which he claimed

the evidence was insufficient to sustain the conviction and trial counsel was ineffective.  We affirm the judgment.

## BACKGROUND

Based on a report of physical abuse and verbal threats by Flores's wife, Irene Olvera, police arrested Flores.  The People charged him with inflicting corporal injury on a spouse (Pen. Code, § 273.5, subd. (a); subsequent section references are to this code) and making a criminal threat (§ 422).  They alleged Flores had a prior conviction of inflicting corporal injury on a spouse within seven years of the current offense (§ 273.5, subd. (f)(1)) and had two prior convictions that qualified as strikes under the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12).  As aggravating circumstances for sentencing, the People alleged Flores had served prior prison terms and was on probation when he committed the current crimes.  (Cal. Rules of Court, rule 4.421(b)(3), (4).)

Flores pled not guilty.  The trial court found he violated the terms of probation in a prior case, revoked probation, and sentenced him to prison for seven years in the prior case.  The court granted Flores's motion to dismiss the criminal threat charge.  (§ 995, subd. (a)(2)(B)).  The case proceeded to a jury trial on the infliction of corporal injury charge and attached allegation.

Olvera testified she and Flores were married and living together on October 20, 2023.  While she was in the bathroom brushing her teeth on that evening, he burst in and angrily shouted at her.  When Olvera exited the bathroom, Flores followed and continued shouting at her.  He tried to "headbutt" her, but she blocked him with her arms.  Flores "got really upset," shouted obscenities at Olvera, and "started hitting [her]."  With clenched fists, he struck her arms and back of the head six to eight times.  Flores grabbed Olvera's hair with both hands and tried to strike her head with his

2

knee, but she "yanked [her] head as hard as [she] could." That motion dislocated Flores's shoulder and caused him to fall to the floor in pain. Olvera "tr[ied] to pop his shoulder back in" but could not, so she drove him to the hospital. After Flores was treated and discharged, Olvera drove them both home. The scuffle left welts on her head and a bruise on her left arm.

Olvera reported the October 20, 2023 incident to a police officer on November 3, 2023. She showed the officer photographs taken on October 24 of a bruise on her left arm, which Flores caused during the incident. The photographs were received in evidence.

On cross-examination by Flores's counsel, Olvera admitted that even though there were incidents of violence between her and Flores before the October 20, 2023 incident, she never reported any of the prior incidents to law enforcement and had no photographs or other documentation of injuries she sustained in those incidents. When counsel asked Olvera whether she told police on November 3, 2023, that Flores had punched her four or five times during the October 20 incident, she said she did not remember the number she had given. She admitted she did not take any photographs of the "lumps" on her head, show them to anybody, or seek medical help for them. Olvera also admitted she told the police officer she had sustained no injuries when Flores attacked her on October 20 because of the way she protected herself. But after the officer told her it would only be a misdemeanor case if she had no visible injuries or photographs of injuries, she remembered the photograph of the bruise on her left arm and showed it to him.

Flores chose not to testify at trial and presented no evidence.

The trial court read the jury the parties' stipulation that Flores had been previously convicted of violating section 273.5. The court told the jury,

3

"This is an agreement between the lawyers, so the jury is to find that those facts have been conclusively proved."

The jury found Flores guilty of inflicting corporal injury on a spouse and found true the allegation he had a prior conviction of the same offense within seven years of commission of the current one. Flores waived his right to a trial on the allegations concerning prior strike convictions and aggravating circumstances for sentencing and admitted the allegations.

At the sentencing hearing, the trial court partially granted Flores's motion to strike his two prior strike convictions by striking one. (§ 1385, subd. (a); *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) The court sentenced Flores to prison for two years eight months, to be served consecutively to the seven-year prison term the court had imposed in the prior case in which he had violated probation. The consecutive term consisted of one-third of the middle term of four years, i.e., one year four months (§§ 273.5, subd. (f)(1), 1170.1, subd. (a)), doubled to two years eight months based on the remaining prior strike conviction (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)).

## DISCUSSION

Flores's appointed counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, which summarized the facts and proceedings of the case, asserted no claims of error, and invited us to conduct an independent review of the record for prejudicial error. To assist the court in conducting its independent review of the record (see *Anders v. California* (1967) 386 U.S. 738, 744), counsel listed two issues he considered but decided not to assert as grounds for reversal: (1) whether the trial court should have considered a motion to classify the conviction as a misdemeanor instead of a felony at sentencing; and (2) whether the court erred by awarding no custody credits

4

for the current conviction based on Flores's incarceration for violating probation in the prior case. Flores filed a supplemental brief in which he claims insufficient evidence supports the conviction and trial counsel provided ineffective assistance. (See *People v. Kelly* (2006) 40 Cal.4th 106, 120 (*Kelly*) [if counsel raises no claims of error, defendant has right to file supplemental contentions].) We have already provided the "brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed" that is required in an opinion in a *Wende* appeal. (*Kelly*, at pp. 123–124.) We now proceed, as required by *Kelly*, to "describe[ ] the contentions personally raised by the defendant and the reasons those contentions fail." (*Id.* at p. 124.)

Flores challenges the sufficiency of the evidence to support the jury's verdict. He describes the case as a " 'she said, I said' " case. Flores repeatedly asserts he is innocent and Olvera lied. He points out Olvera did not report the October 20, 2023 incident on the day of the incident, and says he was the only one injured on that day. Flores contends Olvera showed the police officer a picture of a bruise from an unrelated incident only because the officer prompted her to find some evidence of injury so that he could be charged with a felony. He attacks Olvera's credibility based on discrepancies between what she told police and what she said at trial, her alleged use of a false name, and her allegedly unlawful presence in the United States on an expired work visa and desire to claim asylum as a victim. We reject Flores's challenge.

From the evidence presented at trial, the jury reasonably could find Flores guilty. Evidence suffices to sustain a conviction if, when viewed in the light most favorable to the prosecution, it would allow a rational jury to find the essential elements of the charged crime beyond a reasonable doubt.

5

(*People v. Navarro* (2021) 12 Cal.5th 285, 306–307; *People v. Edwards* (2013) 57 Cal.4th 658, 715.)  The People had to prove Flores "willfully inflict[ed]" on his spouse "corporal injury resulting in a traumatic condition."  (§ 273.5, subd. (a).)  A "corporal injury" is damage to the body (*People v. Reid* (2024) 105 Cal.App.5th 446, 455), and a "traumatic condition" is "a condition of the body, such as a wound, or external or internal injury, . . . whether of a minor or serious nature, caused by a physical force" (§ 273.5, subd. (d)).  Olvera testified that she was married to Flores at the time of the October 20, 2023 incident; that he struck her multiple times with clenched fists and pulled her hair; and that as a result of the scuffle, she sustained welts or lumps on her head and a bruise on her left arm.  She also testified to the authenticity of a photograph of the bruise.  Olvera's testimony, if credited by the jury, sufficed by itself to prove the elements of the charged offense.  (Evid. Code, § 411 [direct evidence of single witness may suffice to prove any fact]; *People v. Johnson* (2007) 150 Cal.App.4th 1467, 1477 [victim's testimony sufficed to support § 273.5 conviction]; *People v. Beasley* (2003) 105 Cal.App.4th 1078, 1085 [bruising is traumatic condition within meaning of § 273.5].)

Although Flores insists he is innocent and Olvera lied, he did not testify and presented no evidence to contradict her testimony.  Flores's counsel attacked Olvera's credibility on cross-examination by eliciting information about inconsistent statements to police and a potential ulterior motive, but the jury still believed her.  Olvera's credibility was a question for the jury alone to decide.  (*People v. Ware* (2022) 14 Cal.5th 151, 167; *People v. Hovarter* (2008) 44 Cal.4th 983, 996.)  Because she testified to nothing physically impossible or inherently improbable, we must defer to the jury's decision to credit her testimony.  (*People v. Young* (2005) 34 Cal.4th 1149, 1181; *People v. Tice* (2023) 89 Cal.App.5th 246, 256.)

6

Flores also complains his trial counsel provided ineffective assistance. He alleges counsel did "no work on [the] case till [the] last day before trial and bullied [him] in person [and] video conference to take [a] plea only!" Flores also seems to suggest his trial was unfair because counsel did not present evidence about Olvera's "true identity" and her "motive to claim asylum." He "demand[s] the right for re-trial with effective counsel at all measures." Flores has not established ineffective assistance of trial counsel to warrant relief on direct appeal.

A criminal defendant has a federal and state constitutional right to the effective assistance of counsel at trial. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *Strickland v. Washington* (1984) 466 U.S. 668, 686; *People v. Ledesma* (1987) 43 Cal.3d 171, 215.) To establish a deprivation of that right, the defendant must show: (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. (*Strickland*, at pp. 688, 694; *Ledesma*, at pp. 216, 217–218.) We presume counsel performed competently unless the defendant establishes the contrary. (*People v. Bell* (2019) 7 Cal.5th 70, 125; *People v. Ramirez* (2023) 98 Cal.App.5th 175, 212.) Our Supreme Court "ha[s] characterized defendant's burden as 'difficult to carry on direct appeal,' as a reviewing court will reverse a conviction based on ineffective assistance of counsel on direct appeal only if there is affirmative evidence that counsel had 'no rational tactical purpose' for an action or omission." (*People v. Mickel* (2016) 2 Cal.5th 181, 198 (*Mickel*).) "[W]hen the reasons for counsel's actions are not readily apparent in the record, we will not assume constitutionally inadequate representation and reverse a conviction unless the appellate

record discloses ' "no conceivable tactical purpose" ' for counsel's act or omission." (*People v. Lewis* (2001) 25 Cal.4th 610, 674–675.)

The record on appeal does not support Flores's claim trial counsel provided constitutionally ineffective assistance. Nothing in the record shows counsel did not begin working on the case until the day before trial, that she bullied Flores to accept a plea offer, or that the result of the trial would have been different had counsel started working earlier or not bullied him. A conviction will not be reversed on direct appeal for ineffective assistance of counsel when the claim relies on information outside the record. (*Kelly, supra,* 40 Cal.4th at p. 126; *People v. Witcraft* (2011) 201 Cal.App.4th 659, 664–665.) The record also does not show that Olvera used a false identity; that she was in the country unlawfully and sought to seek asylum; that Flores's counsel knew of such matters; or, if counsel knew, why she did not mention them when she cross-examined Olvera. Counsel impeached Olvera with prior inconsistent statements and suggested she fabricated an injury at the prompting of police so that Flores could be charged with a felony. Counsel might have decided not to impeach Olvera on the additional grounds Flores suggests because they lacked evidentiary support, were merely cumulative on the credibility issue, or involved a collateral matter. On this record, we have "no basis on which to determine whether counsel had a legitimate reason for making [the] particular decision[s of which Flores complains], or whether [those decisions] were objectively unreasonable." (*Mickel, supra,* 2 Cal.5th at pp. 198–199.) Hence, Flores's claim of ineffective assistance of counsel must be rejected on this direct appeal. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266; *People v. Ramirez* (2022) 79 Cal.App.5th 48, 61; *Witcraft,* at p. 665.)

In sum, we conclude the contentions Flores raised in his supplemental brief lack merit.  Review of the record shows he had a fair trial, the evidence supports the jury's verdict, and the trial court imposed the legally prescribed punishment.  No error requires reversal or modification of the judgment.

DISPOSITION

The judgment is affirmed.


IRION, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.

9