Filed 4/10/26  P. v. Dennis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GREGORY DAMON DENNIS,<br><br>    Defendant and Appellant. | D085219<br><br><br><br>(Super. Ct. Nos. SCD296661,<br>SCD302592) |

APPEAL from a judgment of the Superior Court of San Diego County, Albert T. Harutunian III, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Senior Assistant Attorney General, A. Natasha Cortina and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

In case number SCD302592, a jury convicted Gregory Damon Dennis, who represented himself at trial, of assault with a deadly weapon (Pen. Code § 245, subd. (a)(1)).  The trial court then found Dennis suffered two prior serious felony convictions and three prior strike convictions.  The court also

found two aggravating factors true beyond a reasonable doubt.  In case number SCD296661, Dennis pled guilty to felony vandalism (§ 594(a) & (b)(1)).

In November 2024, the court struck two of Dennis' three prior strike convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and sentenced him to a combined prison term of 18 years and eight months, comprised of the upper term of four years, doubled for the strike prior, plus two five-year prior serious felony enhancements for the assault; and eight months, representing one-third the middle term, for the vandalism, consecutive.

On appeal, Dennis claims his conviction of assault with a deadly weapon must be reversed due to insufficient evidence.  He also argues a remand for resentencing is required because the court abused its discretion by applying an erroneous legal standard in assessing whether to dismiss his prior serious felony enhancements.  Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

I.

Dennis argues insufficient evidence supports his conviction of assault with a deadly weapon.  We disagree.

We examine claims of insufficient evidence under the substantial evidence standard.  (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)  We thus review the entire record in the light most favorable to the judgment for substantial evidence that would allow any reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  To be "substantial," the evidence must be "reasonable, credible, and of solid value."  (*Ibid*.)  Such evidence can include not only circumstantial evidence but also all reasonable inferences that can be drawn

2

from such evidence. (*People v. Soriano* (2021) 65 Cal.App.5th 278, 286.) Reversal is appropriate only if "upon no hypothesis whatever is there sufficient substantial evidence to support" the conviction. (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

A.

In March 2024, Benjamin Rodriguez Velasco, a young man, and his mother were working at a restaurant while Dennis, an older man, sat at a table on the restaurant's patio. Velasco told Dennis they were closing and he had to leave, but Dennis ignored him.

About ten minutes later, Velasco went outside, touched Dennis' shoulder to get his attention, and again told him to leave. Dennis aggressively told Velasco not to touch him or he would hit him.

Fifteen minutes later, Velasco again touched Dennis on the shoulder and told him he had to leave, prompting Dennis to exit the patio gate, which Velasco then closed behind himself. Dennis approached Velasco and told him he was going to hit him. Velasco pushed Dennis, who then picked up his metal walking cane and swung it at Velasco, hitting him on the upper left ear and head. Velasco belatedly tried to block the blow.

On impact, the cane flew out of Dennis' hand, and Dennis went to grab it. Velasco's mother tried to grab Dennis, and Velasco ran after him because he was worried Dennis would hurt his mother. Velasco fought Dennis, who regained the cane and swung it at Velasco as he fled, hitting him on the back. Dennis broke the cane hitting Velasco.

Velasco sustained a cut to his ear and a large, swollen, line-shaped welt on the side of his face. When first struck, his vision blurred for about five seconds. He felt pain around his ear and the side of his head for about two weeks afterwards.

3

Video of the incident was played at trial. The cane and a photograph of it were also admitted into evidence.

## B.

Section 245(a)(1) criminalizes "'assault upon the person of another with a deadly weapon or instrument other than a firearm.'" A "deadly weapon" is either (1) an object that is deadly per se or (2) an "'object, instrument, or weapon'" that is wielded such that it is capable of producing and likely to produce death or great bodily injury. (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028-1029, 1037, fn. 10.)

The deadly nature of an instrument in the second category may be established if it is "*capable* of being used in a dangerous or deadly manner, *and* it may be *fairly inferred* from the evidence that its possessor *intended* . . . to use it as a weapon." (*People v. Reid* (1982) 133 Cal.App.3d 354, 365.) A jury may consider "the nature of the weapon, the manner of its use, and all other factors that are relevant to this issue[]" in deciding whether a weapon is deadly. (*In re Jose R.* (1982) 137 Cal.App.3d 269, 276.)

"Great bodily injury is significant or substantial injury." (*People v. Beasley* (2003) 105 Cal.App.4th 1078, 1087.) Under section 245(a)(1), "whether the victim in fact suffers any harm is immaterial." (*Aguilar*, 16 Cal.4th at p. 1028.) But "if injuries result, the extent of such injuries and their location are relevant facts" to the deadly weapon inquiry. (*Beasley*, 105 Cal.App.4th at p. 1086.)

## C.

Dennis claims "there is not substantial evidence establishing that the composition of the walking cane, the application of force[,] and degree of injuries resulted in the walking cane being used as a deadly weapon," requiring reversal of that conviction. We disagree.

4

First, a reasonable jury could conclude the cane was a deadly weapon because substantial evidence supports finding it was capable of being used in a deadly and dangerous manner and Dennis intended to use it that way. In arguing otherwise, Dennis emphasizes the cane was neither sharp nor solid metal. He claims the cane was "lightweight and hollow," as it "snapped in two upon impact with Velasco's back," and analogizes to *Beasley*. Dennis also relies on the fact that he is elderly while Velasco was "young" and "fit."

But the cane here was metal. A jury could reasonably conclude a metal cane, hollow or not, is capable of inflicting significant harm. As the People argue, the video shows "Dennis whipped his cane with considerable force at [Velasco], striking him in the head. Dennis used so much force during his attack that it caused the cane to snap in two." Dennis also hit Velasco multiple times, once in the head, a vulnerable and critical part of the body.

Second, while Velasco's injuries were not extreme, a rational jury could conclude they constituted great bodily injury. Dennis suggests "Velasco was not affected by the cane" because he immediately pursued Dennis and "suffered minimal injuries." But "[a] fine line can divide an injury from being significant or substantial from an injury that does not quite meet the description." (*People v. Jaramillo* (1979) 98 Cal.App.3d 830, 836.) In *Jaramillo*, the appellate court found "multiple contusions[,] . . . abrasions and swelling, all caused by [a 1-inch diameter] stick . . . still evident the day after the blows had been administered" sufficient to support a finding of great bodily injury. (*Id.* at p. 837.) And in *People v. Medellin* (2020) 45 Cal.App.5th 519, 529, the court affirmed a great bodily injury enhancement where the victim sustained an injury requiring three stitches that "'hurt for a few days,' resulted in 'a little scar,' and loosened [the victim's] 'false tooth.'" Given this, we cannot say as a matter of law Velasco did not suffer great bodily injury.

This case is distinguishable from *Beasley* and *In re B.M.* (2018) 6 Cal.5th 528, on which Dennis relies.

*Beasley* determined insufficient evidence supported the defendant's convictions of assault with a deadly weapon premised on his use of a broomstick and vacuum cleaner attachment to hit the victim's arms, shoulders, and back. (*Beasley*, 105 Cal.App.4th at pp. 1087-1088.) There, the victim's testimony was too "cursory" to establish whether the broomstick was used in a manner capable of causing and likely to cause great bodily injury or death, given (1) the victim did not describe the degree of force the defendant used, (2) neither the broomstick nor a photograph of it were introduced into evidence, and (3) there was no evidence of the broomstick's composition, weight, and rigidity. (*Ibid.*) The court further noted the vacuum cleaner attachment was made of hollow plastic and neither it nor a photograph was introduced into evidence. (*Id.* at p. 1088.) In contrast, here, testimony, video, and the cane itself allowed the jury to assess the cane's metal composition and the force with which Dennis swung it. Dennis also struck Velasco on the head and back rather than his appendages and back. The jury thus had ample evidence to determine Dennis used the cane in a manner capable of causing and likely to cause great bodily injury. Because of this, we are unpersuaded by Dennis' contentions that it is somehow significant (1) the prosecution did not allege a great bodily injury enhancement under section 12022.7(a); (2) the court instructed on assault as a lesser included offense; or (3) the jury submitted questions regarding deadly weapons and great bodily injury.

*B.M.*, meanwhile, found insufficient evidence supported the defendant's conviction of assault with a deadly weapon premised on his use of a butter knife to slice at the victim's legs, which were covered with a blanket. (*B.M.*,

6 Cal.5th at p. 536.)  As the People note, however, "Dennis did not use a small, dull, largely harmless instrument to 'attack' fully protected and covered appendages."  *B.M.* is thus inapt.

In sum, adequate evidence supports Dennis' conviction of assault with a deadly weapon.

## II.

Dennis also contends the court abused its discretion by applying the wrong legal standard in assessing whether to dismiss his two serious prior felony enhancements under section 1385(c).  We conclude Dennis forfeited this claim, which also fails on the merits.

As relevant here, under section 1385(c)(1), "the court shall dismiss an enhancement if it is in the furtherance of justice to do so."  In exercising its discretion, the trial court must give great weight to evidence demonstrating the presence of enumerated mitigating circumstances.  (§ 1385(c)(2).)  Such evidence weighs heavily in favor of dismissal unless the court finds dismissal would endanger public safety.  (*Ibid.*; see also *People v. Walker* (2024) 16 Cal.5th 1024, 1036.)

The People argue Dennis forfeited his argument by failing to request relief under section 1385 or object to his sentence on this ground.  We agree.  "'[A]ny failure on the part of a defendant to invite the court to dismiss under section 1385 . . . forfeits his right to raise the issue on appeal.'"  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724, quoting *People v. Carmony* (2004) 33 Cal.4th 367, 375.)  Having failed to seek dismissal of his serious prior felony enhancements, Dennis forfeited this challenge.

Even so, Dennis' claim fails on the merits.  "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court."  (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.)

7

"Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal." (*People v. Penoli* (1996) 46 Cal.App.4th 298, 306.) But "in light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.)

Here, the record is silent as to whether the court understood its discretion as to dismissing Dennis' serious prior felony enhancements under statutory changes in existence for nearly three years at the time of Dennis' sentencing. On this record, we cannot presume the court abused its discretion in the manner alleged. Dennis' sentencing challenge thus fails.

III.

We affirm.

CASTILLO, J.

WE CONCUR:

MCCONNELL, P. J.

KELETY, J.

8